1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUSTIN MICHELLE,

          Plaintiff,

    v.

SOUTH CORRECTIONAL ENTITY, et al.,

          Defendants.

CASE NO. C21-0140JLR

ORDER

Before the court is Plaintiff Dustin Michelle's motion to temporarily dismiss Defendants South Correctional Entity ("SCORE") and SCORE John Does 1-10 (collectively, "the SCORE Defendants") from this action without prejudice and for leave to file a second amended complaint. (Mot. (Dkt. # 28); *see* Bingham Decl. (Dkt. # 29) ¶¶ 4-5, Ex. A ("Prop. 2d Am. Compl.").) None of the Defendants have responded to Mr.

ORDER - 1

1  Michelle's motion.[1] (*See generally* Dkt.)  The court has considered the motion, all
2  submissions filed in support of the motion, the relevant portions of the record, and the
3  applicable law.  Being fully advised, the court GRANTS Mr. Michelle's motion.
4       Once an opposing party serves either an answer or a motion for summary
5  judgment, the plaintiff may voluntarily dismiss his claims only by stipulation between all
6  the parties who have appeared or by "court order, on terms that the court considers
7  proper." Fed. R. Civ. P. 41(a).  A party may also amend its pleading once as a matter of
8  course within 21 days after serving it, or "if the pleading is one to which a responsive
9  pleading is required, 21 days after service of a responsive pleading or 21 days after
10 service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.
11 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's
12 written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely
13 give leave when justice so requires." *Id.*
14     Here, Mr. Michelle contends that dismissal of the SCORE Defendants is
15 necessary to ensure compliance with RCW 4.96.020, which forbids a plaintiff from
16 bringing claims for damages against a local government entity until 60 days after filing
17 a tort claim form with the agent designated to accept such claims.  (Mot. at 1-2.)  Mr.
18 Michelle's attorney states that he believed he properly filed his tort claim form by serving
19 it on SCORE's counsel but later learned that SCORE did not believe service on its

---

[1] "[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules W.D. Wash. LCR 7(b)(2).

ORDER - 2

counsel was valid under RCW 4.96.020.  (Bingham Decl. ¶¶ 2-3.)  Accordingly, on May 10, 2021, Mr. Michelle's attorney filed another copy of the tort claim form on SCORE's designated agent to ensure compliance with the statute.  (*Id.* ¶ 3.)  Mr. Michelle's proposed second amended complaint adds allegations related to service of the tort claim form.  (*See* Prop. 2d Am. Compl. ¶¶ 133-35.)

The court GRANTS Mr. Michelle's unopposed motion to dismiss the SCORE Defendants from this action without prejudice and to file a second amended complaint (Dkt. # 28).  Mr. Michelle shall file his second amended complaint within five (5) court days of the filing date of this order.  In granting Mr. Michelle's motion, the court takes no position regarding whether dismissal of his claims and amendment of his complaint are sufficient to meet the requirements of RCW 4.96.020.

Dated this 8th day of September, 2021.

JAMES L. ROBART
United States District Judge