UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUSTIN MICHELLE,<br><br>                    Plaintiff,<br><br>         v.<br><br>SOUTH CORRECTIONAL ENTITY, et al.,<br><br>                    Defendants. | CASE NO. 2:21-cv-00140-JHC<br><br>ORDER |

This matter comes before the Court on Plaintiff's Motion to Exclude King County Medical Billing Expert Nancy Michalski's Opinions Based on Medicare DRG Codes.  Dkt. # 101.  Having considered the submissions in support of and in opposition to the motion, the applicable law, and the case file, the Court hereby GRANTS the motion.

This case arises out of injuries Plaintiff Dustin Michelle suffered because of alleged deprivation of medical care at the King County Jail.  Dkt. # 65 at 7–22.  One component of Mr. Michelle's damages claims are his past medical specials, the reasonable value of which he alleges is about $1,143,722.66 to date.  Dkt. # 101 at 4.  Defendant King County contests the reasonableness of the charges, relying on expert witness Nancy Michalski, RN.  *Id*; Dkt. # 106.  Plaintiff seeks to exclude a portion of Ms. Michalski's opinion, in which she values Mr.

ORDER - 1

Michelle's inpatient treatment at Harborview Medical Center.  Dkts. ## 101, 108.  Mr. Michelle was treated at Harborview for two extended stays, one from October 31, 2018 to December 10, 2018 and the other from May 14, 2019 to June 29, 2019.  Dkt. # 102–2.  Harborview billed $640,301.88 for the first extended stay.  *Id.* at 38.  Ms. Michalski claims that the reasonable value of this treatment is $125,414.44.  Dkt. # 102–4 at 41.  Harborview billed $184,428.29 for the second extended stay.  Dkt. # 102–2 at 62.  Ms. Michalski claims that the reasonable value of this treatment is $43,291.46.  Dkt. # 102–4 at 42.

  Mr. Michalski's methodology for calculating the "reasonable value" of various medical treatments is summarized in her "Medical Treatment Reasonable Value Analysis."  Dkts. ## 102–4 at 148–151, 107–1 at 8–11.  For inpatient treatment, she bases her calculations on the Diagnosis Related Group ("DRG") system used by Medicare to reimburse hospitals.  *Id.*[1]  The DRG system is a "per-case reimbursement mechanism under which inpatient admission cases are divided into relatively homogenous categories called diagnosis-related groups (DRGs)."  Dkt. # 103–3 at 4.  Medicare then reimburses hospitals a "flat rate per case for inpatient hospital care so that efficient hospitals are rewarded for their efficiency and inefficient hospitals have an incentive to become more efficient."  *Id.*  Importantly, the DRG system does not purport to reflect the actual treatment provided to each patient; rather, it calculates a rate of payment based on the "average" cost to deliver care to a patient with a particular diagnosis.  Dkts. ## 103–2 at 5, 103–3 at 8.

  "Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

---

[1] Ms. Michalski's analysis involves three "prongs" that she explains in her report, but she essentially conducts a market analysis of Medicare reimbursement data.  The parties do not appear to dispute that Ms. Michalski's methodology for calculating the "reasonable value" of inpatient treatment is based on Medicare reimbursement data.  *See generally* Dkts. ## 101, 106, 108.

ORDER - 2

Fed. R. Evid. 401. Expert testimony is relevant only if "the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact at issue." Fed. R. Evid. 702. Irrelevant evidence is not admissible. Fed. R. Evid. 402.

The Court concludes that Ms. Michalski's opinions, which are based on Medicare reimbursement data, do not go to the reasonable value of the inpatient treatment provided by Harborview. *See, e.g.*, *Gerlach v. Cove Apartments, LLC,* 8 Wash.App.2d 813, 828, 437 P.3d 690 (Wash. Ct. App. 2019), *rev'd on other grounds,* 196 Wash.2d 111, 471 P.3d 181 (2020) ("Evidence that, on average, a procedure costs less than the amount charged or that Gerlach's physicians accepted a lesser payment for services from Medicare is not helpful to the jury in determining whether her medical expenses were reasonable"); *see also Hayes v. Wieber Enterprises,* 105 Wash.App. 611, 616, 20 P.3d 496 (2001).[2] Ms. Michalski's report does not attempt to review or analyze Mr. Michelle's *actual treatment* to determine whether the amounts billed by Harborview were reasonable. *See* Dkts. ## 102–4, 107–1. The DRG system, on which she relies, does not consider the specific treatment provided to each patient and is instead based on aggregate average cost data across a continuum of grouped medical cases. *See* Dkts. ## 103–

---

[2] Defendant cites two unpublished district court cases where Ms. Michalski's testimony was admitted, but these cases are neither precedential nor analogous. In *Johnson v. ABF Freight System, Inc.,* No. 2:18-cv-01835-MHH, 2021 WL 4860412 at *2–3 (N.D.Ala. Apr. 23, 2021), the Northern District of Alabama allowed Ms. Michalski to testify regarding the reasonableness of Plaintiff's medical bills. However, that case contains no discussion of inpatient treatment or DRG codes/Medicare reimbursement data and instead references outpatient surgery centers, which Ms. Michalski analyzes using a different methodology. *Id.* at *2–4. Because Plaintiff seeks to exclude only the portions of Ms. Michalski's opinions relating to inpatient treatment, *Johnson* does not apply. Defendant also cites *Cameron v. Lowes Home Centers Incorporated,* No. CV-17-08082-PCT-JJT, 2019 WL 2709804 at *2 (D.Ariz. Jun. 26, 2019), where the District of Arizona held that Ms. Michalski's testimony did not violate Arizona's collateral source rule. This Court's conclusion that Ms. Michalski's opinions will not help the trier of fact ascertain the reasonable value of Mr. Michelle's inpatient treatment at Harborview is based on Fed. R. Evid. 401, 402 and 702, as opposed to Washington's collateral source rule. Thus, *Cameron* does not apply.

ORDER - 3

2, 103–3.[3]  The Court therefore concludes that her report would not help the jury in determining the reasonable value of the inpatient treatment Mr. Michelle received from Harborview.  *See* Fed. R. Evid. 401, 402, 702.

      Accordingly, the Court GRANTS Plaintiff's motion and excludes Ms. Michalski's opinions relating to Mr. Michelle's inpatient treatment at Harborview.

      Dated this 28th day of October, 2022.

John H. Chun
United States District Judge

---

[3] It also appears from Ms. Michalski's report that she independently selected the DRG codes for Mr. Michelle's two extended stays at Harborview.  *See* Dkt. # 102–4 at 9 ("A UB-04 form was not available for review for inpatient hospitalization from October 31, 2018, to December 10, 2018.  For auditing purposes, DRG (Diagnosis Related Group) 853 was applied based on the DRG as determined by the records . . . A UB-04 form was not available for review for inpatient hospitalization from May 14, 2019, to June 29, 2019.  For auditing purposes, DRG 539 was applied based on the DRG (Diagnosis Related Group) as determined by the records.").  Therefore, even if Medicare reimbursement data were relevant to determining the reasonable value of care—which the Court concludes it is not—Ms. Michalski's calculations may not accurately reflect the true amount that Medicare reimbursed Harborview for Mr. Michelle's care.