UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DUSTIN MICHELLE,

              Plaintiff,

      v.

SOUTH CORRECTIONAL ENTITY, et al.,

              Defendants.

CASE NO. 2:21-cv-00140-JHC

ORDER

This matter comes before the Court on Plaintiff's Motion to Strike King County's Untimely Expert Witness Disclosures or in the Alternative Partially Modify the Case Schedule So Plaintiff May Challenge the Untimely Disclosed Expert Testimony. Dkt. # 111. Having reviewed the submissions in support of and in opposition to the motion, the applicable law, and the case file, the Court hereby GRANTS the motion.

On April 23, 2021, the Court issued a minute order setting the trial date and related deadlines. Dkt. # 16. That order set June 8, 2022 as the deadline for expert witness disclosures and reports under Fed. R. Civ. P. 26(a)(2). Discovery was to be completed by August 8, 2022, and dispositive motions were to be filed by September 6, 2022. *Id.* Defendant NaphCare disclosed four experts, Dr. Blackburn, Dr. Murphy, Dr. Chhetri, and Dr. Shuer, before the June 8

expert witness disclosure deadline.  Dkt. # 112 at 2.  The Court dismissed NaphCare on August 24, 2022.  Dkt. # 97.  On October 7, 2022, King County served a document titled, "Second Supplemental Witness Disclosures," in which it indicated that it intends to call these four expert witnesses.  Dkt. # 112–1.  King County also provided Plaintiff with the same reports that these experts had prepared on behalf of NaphCare.  Dkt. # 112 at 2.

Plaintiff asks the Court to strike these witness disclosures as untimely, arguing that the late disclosure was not substantially justified and that he has been prejudiced because he is now unable to substantively challenge these experts' testimony without violating the case schedule. Dkt. # 111; *see* Fed. R. Civ. P. 37(c).  In the alternative, Plaintiff requests that the Court partially modify the case scheduling order to allow him to substantively move to exclude these experts' testimony.  *Id.*  King County argues that their failure to cross-identify the experts in their initial disclosure is justified and harmless because NaphCare previously disclosed the experts before the Court's deadline, putting Plaintiff on notice and allowing him to depose them, and because Plaintiff is "free to challenge any particular aspects of their testimony in his motions in limine." Dkt. # 116 at 6.

The Court concludes that King County's late disclosure is prejudicial to Plaintiff and not substantially justified.  King County had the opportunity to timely cross-identify these expert witnesses and failed to do so.  Plaintiff did depose the witnesses due to NaphCare's timely disclosure, but excerpts from those depositions show that the scope of their testimony was limited to Plaintiff's medical status at South Correctional Entity Jail ("SCORE," the facility where NaphCare provides medical services) versus at King County Jail.  *See* Dkts. ## 124–1 to 124–4.  Nor did Plaintiff file substantive motions to exclude or limit these experts' testimony before the dispositive motions deadline and had no reason to do so because Naphcare was dismissed from this action on August 24, 2022.  Dkt. # 97.  Any substantive motions filed by

Plaintiff at this point would fall too close to the trial date for the Court to provide timely rulings and would therefore jeopardize the trial date.[1]  And contrary to King County's assertion, because of the case scheduling order, Plaintiff may not bring substantive motions to exclude expert testimony in his motions in limine.  *See* Dkt. # 16.  In short, there is no realistic possibility that the trial date will be preserved if the Court allows King County to rely on these newly disclosed experts.

King County cites three unpublished district court cases to support its arguments that its late disclosures are justified and harmless, but these cases are neither precedential nor applicable.

In *Attebery v. Placer Sierra Bank*, the Eastern District of California ruled that a defendant could use experts timely disclosed by a co-defendant, even though it did not cross-identify the experts until after the expert disclosure deadline.  No. CIV S-06-2416 WBS EFB, 2007 WL 3231721, at *4 (E.D. Cal. Nov. 1, 2007).  But the co-defendant in that case was not dismissed, and the plaintiff had an opportunity to move to exclude or limit the experts' testimony in a timely fashion (in other words, the plaintiff did not proceed—as here—under the reasonable belief that the experts would not be used).  There is also no indication from that case that the experts' testimony was relevant only to one party.  *Id.*  By contrast, various excerpts from the four experts' depositions here indicate that the scope of their deposition testimony targeted Mr. Michelle's medical status at SCORE.  *See* Dkts. ## 124–1 to 124–4.  And lastly, the timing considerations were significantly different in *Attebery* because the discovery deadline had not yet

---

[1] Additionally, King County represented in its Response that, as of October 24, 2022, it had not even retained the experts.  Dkt. # 116 at 4.  It has simply listed their names and provided the same reports that the experts prepared for NaphCare, which focus on Plaintiff's medical status during his incarceration at SCORE.  Dkt. # 112 at 2.  It is unclear whether King County will solicit new reports from these experts, and whether the reports will prompt Plaintiff to request to re-depose them to elicit testimony about his medical status during his incarceration at King County Jail.

passed and the trial would not occur for another six months; by contrast, here, the discovery deadline passed almost three months ago and the trial date is in about one month.

In *Beyer v. Anchor Insulation Co.,* the District of Connecticut permitted several experts to testify for one defendant, even though they had previously only been disclosed by two co-defendants.  No. 3:13-cv-1576 (JBA), 2017 WL 784962, at *3 (D. Conn. Feb. 28, 2017).  But the court based its ruling on the fact that the plaintiff had not articulated "any concrete way in which they would be prejudiced."  *Id.*  Here, Plaintiff has made several arguments about prejudice, for example referencing the fact that he was not able to substantively challenge the experts' testimony before the dispositive motions deadline.  *See* Dkt. # 111.  Further, the court in *Beyer* emphasized that a defendant "cannot, in the usual course, evade his timing requirement by relying on a co-defendant's expert disclosure because a Plaintiff may make strategic decisions about which questions to ask at deposition and how to prepare for trial in reliance on the fact that the expert has not been designed by all defendants."  *Id.*  This case resembles the hypothetical situation cautioned against by the *Beyer* court.  Plaintiff explains that their deposition questions (and the experts' answers) were limited in scope to Mr. Michelle's medical status at SCORE, and that they may have elicited more information as to his treatment at King County Jail had the experts been properly cross-designated. Dkt. # 123 at 1–2.

In *Pearson v. Al-Maha Enterprises, Co.,* the Northern District of Georgia allowed a defendant to use experts previously identified by other parties despite its failure to cross-identify them.  No. 1:10-CV-2799-CAP, 2012 WL 12872906, at *3 (N.D. Ga. Dec. 11, 2012).  But in that case the court found that plaintiffs "had no reason to expect that Al-Maha would be precluded from using such expert testimony" and noted that there was "no dispute that plaintiffs had [the opportunity to discover the opinions of the experts and designate rebuttal experts if necessary] and took full advantage of it."  *Id.* at *4.  By contrast, here, Plaintiff argues that he was not able

to take full advantage of the experts' depositions, for example pointing out that "during their depositions, when [the experts] were asked to express opinions about Mr. Michelle's time at King County Jail, they were unwilling or unable to do so." Dkt. # 123 (citing Dkts. ## 124–1 to 124–4). Further, unlike *Pearson,* Plaintiff did have reason to believe that King County would be precluded from using the experts' testimony; as King County explains in its Response, NaphCare has not given them permission to use its experts. *See, e.g.*, Dkt. # 117 at 3. And lastly, there was no dispute in *Pearson* that the experts' testimony related to all the defendants in question, while here Plaintiff asserts that the experts' reports and deposition testimony were focused mainly on Mr. Michelle's medical status while incarcerated at SCORE.

The Court issues scheduling orders to provide a reasonable schedule for resolving disputes that will ensure the trial date is not put in jeopardy. *See* Local Rules W.D. Wash. LCR 7(d)(3), 7(b)(5). It recently held Plaintiff to these deadlines by refusing to allow him to amend his complaint based on newly discovered evidence. *See* Dkt. # 105. It will enforce them equally with respect to Defendants by striking their untimely expert witness disclosures.

Dated this 2nd day of November, 2022.

John H. Chun
United States District Judge